UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

                                    CASE NO.: 8:13-cr-28-T-24TBM

vs.

RANDY DALE BARBER

            .
_____/

## ORDER

This cause comes before the Court on the United States of America's Motion to Dismiss Petition to Adjudicate Interest in Property (Doc. 190). The Court previously entered a Forfeiture Money Judgment against Defendant Randy Dale Barber in the amount of $413,106.00. (Doc. 164). On July 16, 2014, the Court then entered a Preliminary Order of Forfeiture for Substitute Assets in partial satisfaction of Defendant Baber's forfeiture money judgment. (Doc. 171). The substitute property listed in the Court's July 16, 2014 Order include:

1. The contents of any and all Grow Financial Federal Credit Union accounts held individually by Randy Barber and/or jointly with Kimberly Barber, Brent Barber, Brooke Barber, or Brady Barber;

2. The contents of a Prudential 401(k) account, held in the name of Randy Barber;

3. A 2009 Honda Pilot, Vehicle Identification Number 5FNYF38889B011629, titled in the name of Randy Baber; and

4. The real property located at 3512 West Corona Street, Tampa, Florida 33629, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:
The West 28 feet of Lost 152 and all of Lost 153, PALMA VISTA, according to the map or plat thereof as recorded in Plat Book 11, Page 19 of the Public Records of Hillsborough County, Florida, together with the North ½ of closed alley abutting on the South thereof.

Parcel Identification Number: 126700.0000.

Titled Owner: Randy Barber

(Collectively, the "Substitute Assets"). (Doc. 171 at 1-2).

The United States and Petitioner entered into a settlement agreement in which the United States agreed to seize and seek forfeiture of only one-half of the contents of the Grow Financial account listed above in Item 1. (Doc. 183).

On September 16, 2014, Petitioner Kimberly Baber, who is the wife of Defendant Randy Dale Barber, asked the Court to adjudicate her interest in the Substitute Assets. (Doc. 189). Petitioner asserts that she has the following interest in the Substitute Assets:

1. An undivided one-half interest in the Grow Financial Credit Union account;

2. An undivided one-half interest in the 401(k) account pursuant to section 61.075, Florida Statutes;

3. An undivided one-half interest in the Honda Pilot automobile pursuant to section 61.075, Florida Statutes; and

4. As the spouse of Defendant Barber, an indivisible interest and homestead interest in the subject real property located at 3512 West Corona Street, which is Petitioner's homestead.

As to all of the Substitute Assets, Petitioner claims to have a legal right, title, or interest in the properties as a martial asset pursuant to section 61.075(6), Florida Statutes.

Petitioner asks the Court to find either (1) that she is a bonafide purchaser for value of the Substitute Assets; or (2) that her legal right, title, or interest in the Substitute Assets vested in Petitioner rather than Defendant; or (3) Petitioner's legal right, title, or interest in the Substitute Assets is superior to any right, title or interest of Defendant Barber's at the time of the commission of the acts giving rise to the forfeiture. Doc. 189.

The government moves to dismiss Petitioner's claim (Doc. 190) on the grounds that Petitioner's claim fails to meet (1) the technical pleading requirements of 21 U.S.C. § 853(n)(3) and (2) the substantive pleading requirements of 21 U.S.C. § 853(n)(6). 21 U.S.C. § 853(n)(3) provides that the petition to adjudicate an interest in property shall be signed by the petitioner under penalty of perjury and "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(6) provides that if, after a hearing, the court determines by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6).

## **DISCUSSION**

A third party's interest in substituted property subject to criminal forfeiture is governed by 21 U.S.C. § 853(n), which allows the person claiming a legal interest in forfeited property to petition for a hearing to adjudicate the person's alleged interest in the property. *See* 21 U.S.C. § 853(n)(2). The petition must "set forth the nature and extent of the petitioner's right, title, or

interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Id.* at § 853(n)(3).

Criminal forfeiture is directed toward the Defendant's property. If a third party has superior legal right, title or interest in the property, that interest will render the order of forfeiture invalid "in whole or in part because the right, title or interest was vested in the petitioner rather than the defendant or was superior to any right, title or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." *United States v. Lima*, 8:09-cr-377-T-17TBM, 2011 WL 5525339 (M.D. Fla. Oct. 19, 2011) (quoting 21 U.S.C. § 853(n)(6)(A)).

A. The Grow Financial Federal Credit Union Account.

Petitioner does not dispute that she previously entered into a settlement agreement with the government concerning the Grow Financial account. The government has acknowledged that Petitioner and Defendant Baber maintained this account, which was jointly titled in their names. One-half of the account funds remain in the account for Petitioner's access and control. Petitioner has no legal right to more than one-half of the Grow Financial account. Moreover, as part of the settlement agreement, Petitioner agreed to make no claim on the one-half of the account seized by the government. To the extent that Petitioner makes a claim to funds seized by the government from the Grow Financial account, the Court dismisses that claim with prejudice.

B. The Prudential 401(k) Account.

Petitioner asserts that she has an undivided one-half interest in the 401(k), which is titled in Defendant Barber's name alone, because it is a marital asset pursuant to section 61.075, Florida Statutes.

First, Petitioner fails to meet the technical pleading requirements of § 853(n)(3) because she fails to allege "the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property." 21 U.S.C. § 853(n)(3). Second, despite the pleading deficiency, Petitioner's legal argument fails. Section 61.075, Florida Statutes, applies to a dissolution of marriage proceeding to determine the distribution and ownership of assets upon divorce. The statute does not vest title to the assets upon or *during* the marriage, which is the case here. *See Lima*, 2011 WL 5525339 at *4.

This Court addressed a similar situation in *Lima*, in which the government sought to forfeit assets, including the defendant's IRA account. The defendant's wife asserted she had a marital interest in the funds based on section 61.075. *Id.* at *3. The *Lima* court found that petitioner's conclusory allegations regarding her husband's IRA account were insufficient to state a claim to the forfeited property under § 853(n)(3) and that the petition may be dismissed on that basis alone. However, the *Lima* court went on to discuss the petitioner's arguments on the merits. The court found that section 61.075 had no application to petitioner's claim to the IRA account as a "marital asset" or "marital property" for purposes of the forfeiture action. *Id.* at *4. Finding that petitioner had no interest in her husband's IRA account, the *Lima* court dismissed the petitioner's claim.

We apply the same reasoning to this case. Not only does Petitioner fail to meet § 853(n)(3)'s pleading requirements, her reliance on section 61.075. Florida Statutes, to support her claim to the 401(k) fails. Petitioner's claim to adjudicate her interest in Defendant Barber's 401(k) account is dismissed with prejudice.

C. The 2009 Honda Pilot Automobile.

The 2009 Honda Pilot is titled in Defendant Barber's name alone. However, Petitioner asserts that she has an undivided one-half interest in the automobile pursuant to section 61.075, Florida Statutes. This argument has already been considered and rejected by the Court.

Petitioner also claims that she is a bona fide purchaser for value of the right, title, or interest in the vehicle. In support of that allegation, Petitioner alleges that she has an obligation on the note, which was executed in connection with the purchase of the Honda Pilot. Petitioner does not attach the note nor explain the extent of her obligation under the note.

A district court looks to the law of the state where the property is located to determine whether a person has a legal right to the forfeited property. *United States v. Morales*, Case No. 6:12-cr-121-Orl-37KRS, 2014 WL 3866082 at *13 (M.D. Fla. July 16, 2014). Florida law presumes that the person whose name appears on a legal title is the property's owner. *Id.*

Although the Honda Pilot is titled in the name of Defendant Barber, Petitioner may have some interest in the vehicle if she is individually obligated on the note. However, Petitioner again wholly fails to meet the pleading requirements of § 853(n)(3). She fails to allege when the note was executed and her obligations under the note.

The Court cannot make a determination of Petitioner's alleged bona fide purchaser rights without additional evidentiary support that would show her obligation under the note. Merely contributing toward payments on the vehicle is not enough to establish standing to challenge the vehicle's forfeiture. *United States v. Cooper*, 485 F. App'x 411, 414 (11th Cir. 2012). The Court dismisses Petitioner's claim to adjudicate her interest in the Honda Pilot without prejudice. Petitioner may amend her claim as it relates to the Honda Pilot to meet § 853(n)(3)'s pleading standard and to include the evidentiary support noted above.

D. The Real Property Located at 3512 West Corona Street, Tampa, Florida 33629.

The real property located at 3512 West Corona Street is titled in Defendant Baber's name alone. Petitioner asserts that she made certain payments toward the first mortgage on the property, that she and her husband jointly incurred additional mortgages and obligations on the property, and that marital assets were used to pay for the property.

As for Petitioner's alleged obligations on the various notes and mortgages, the same analysis utilized above for the Honda Pilot applies to the real property at issue. Although the real property is titled in Defendant Barber's name alone, Petitioner may have an interest in the property if she can demonstrate an individual obligation on the various notes and mortgages alleged in the petition. Petitioner may amend her claim as it relates to the real property at issue to meet § 853(n)(3)'s pleading standard and to include the evidentiary support noted above.

Petitioner also claims that she has an interest in the property because it is homesteaded in her and Defendant Barber's names. The Court agrees with the government in its analysis of Petitioner's homestead argument. *See* Doc. 190 at 13-14. The Florida Constitution does not bestow an ownership interest in real property on a person that does not have title to the real property. Thus, homestead protection is not applicable here to invalidate the forfeiture or to bestow some sort of interest upon Petitioner that would affect the forfeiture. The Eleventh Circuit has held that "where the forfeiture of substitute property is concerned, 21 U.S.C. § 853(p) preempts Florida's homestead exemption and tenancy by the entireties laws." *United States v. Fleet*, 498 F.3d 1225, 1232 (11th Cir. 2007). To the extent that Petitioner claims to have an interest in the property by virtue of homestead protection, her petition is dismissed.

**CONCLUSION**

Here, Petitioner has failed to allege a legitimate legal right, title or interest in the Substitute Assets. "A hearing is not required prior to ruling on a motion to dismiss where the third party fails to allege any legal right, title, or interest in the forfeited property." *Lima*, 2011 LW 5525339 at *2. The Court dismisses the petition without prejudice to the extent Petitioner seeks to establish herself as a bona fide purchaser of the 2009 Honda Pilot and the real property located at 3512 West Corona Street. Petitioner may file an amended petition with the Court by November 18, 2014 to meet § 853(n)(3)'s pleading standard and to include evidentiary support that would indicate her status as a bona fide purchaser. Failure to do so will result in a dismissal with prejudice. Having no need to conduct a hearing on Petitioner's remaining claims on the Grow Financial Federal Credit Union account and the Prudential 401(k), the Court dismisses those claims with prejudice.

DONE AND ORDERED at Tampa, Florida, this 28th day of October, 2014.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record