UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:13-cr-28-T-24TBM

vs.

RANDY DALE BARBER

_____/

**ORDER**

This cause comes before the Court on the United States of America's Motion to Dismiss Amended Petition to Adjudicate Interest in Property (Doc. 195). The Court previously entered a Forfeiture Money Judgment against Defendant Randy Dale Barber in the amount of $413,106.00. (Doc. 164). On July 16, 2014, the Court then entered a Preliminary Order of Forfeiture for Substitute Assets in partial satisfaction of Defendant Baber's forfeiture money judgment. (Doc. 171). The substitute property listed in the Court's July 16, 2014 Order include:

1. The contents of any and all Grow Financial Federal Credit Union accounts held individually by Randy Barber and/or jointly with Kimberly Barber, Brent Barber, Brooke Barber, or Brady Barber;

2. The contents of a Prudential 401(k) account, held in the name of Randy Barber;

3. A 2009 Honda Pilot, Vehicle Identification Number 5FNYF38889B011629, titled in the name of Randy Baber; and

4. The real property located at 3512 West Corona Street, Tampa, Florida 33629, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:
    The West 28 feet of Lost 152 and all of Lost 153, PALMA VISTA, according to the map or plat thereof as recorded in Plat Book 11, Page 19 of the Public Records of Hillsborough County, Florida, together with the North ½ of closed alley abutting on the South thereof.

    Parcel Identification Number: 126700.0000.
    Titled Owner: Randy Barber

1

(Collectively, the "Substitute Assets"). (Doc. 171 at 1-2).

On September 16, 2014, Petitioner Kimberly Baber, who is the wife of Defendant Randy Dale Barber, asked the Court to adjudicate her interest in the Substitute Assets. (Doc. 189). On October 28, 2014, the Court dismissed Petitioner's claim as to each of the Substitute Assets. (Doc. 191). The Court dismissed with prejudice Petitioner's claims to the Grow Financial Account and the Prudential 401(k) account. *Id.* at 8. The Court dismissed without prejudice Petitioner's claims to the Honda Pilot and the real property to the extent the claims were based on Petitioner's assertions that she had incurred obligations on the individual notes and mortgages for their purchase and/or refinancing. The Court permitted Petitioner to file an amended petition as to the Honda Pilot and real property that meets the pleading standard of 21 U.S.C. § 853(n)(3).

On November 18, 2014, Petitioner filed her Amended Petition. (Doc. 194). Petitioner sets forth no additional argument or facts with respect to the Honda Pilot and instead relies upon the information previously provided in support of her claim to a non-forfeitable interest in the Honda Pilot. (Doc. 194 at 1). As to the real property, Petitioner asserts that she has contributed payments on all of the mortgages related to the real property at issue since its purchase by either making payments directly from an individual account or by having payments made directly from a joint account with her husband, Defendant Barber. Petitioner attaches four mortgages, all of which are for the subject property. Petitioner also attaches a revolving credit mortgage. Petitioner is listed as a borrower on each mortgage, along with her husband. Two of the mortgage loans remain outstanding. (Doc. 194).

The government moves to dismiss Petitioner's claims in her Amended Petition on the grounds that Petitioner's claim fails to meet (1) the technical pleading requirements of 21 U.S.C. § 853(n)(3) and (2) the substantive pleading requirements of 21 U.S.C. § 853(n)(6). 21 U.S.C. §

2

853(n)(3) provides that the petition to adjudicate an interest in property shall be signed by the petitioner under penalty of perjury and "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(6) provides that if, after a hearing, the court determines by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6).

## DISCUSSION

A third party's interest in substituted property subject to criminal forfeiture is governed by 21 U.S.C. § 853(n), which allows the person claiming a legal interest in forfeited property to petition for a hearing to adjudicate the person's alleged interest in the property. *See* 21 U.S.C. § 853(n)(2). The petition must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Id.* at § 853(n)(3).

3

Criminal forfeiture is directed toward the Defendant's property. If a third party has superior legal right, title or interest in the property, that interest will render the order of forfeiture invalid "in whole or in part because the right, title or interest was vested in the petitioner rather than the defendant or was superior to any right, title or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." *United States v. Lima*, 8:09-cr-377-T-17TBM, 2011 WL 5525339 (M.D. Fla. Oct. 19, 2011) (quoting 21 U.S.C. § 853(n)(6)(A)).

A. The 2009 Honda Pilot.

The 2009 Honda Pilot is titled in Defendant Barber's name alone. Petitioner asserts that she has an undivided one-half interest in the automobile pursuant to section 61.075, Florida Statutes. This argument has already been considered and rejected by the Court. (Doc. 191).

Petitioner also claims that she is a bona fide purchaser for value of the right, title, or interest in the vehicle. In support of that allegation, Petitioner alleges that she has an obligation on the note, which was executed in connection with the purchase of the Honda Pilot. Petitioner does not attach the note nor explain the extent of her obligation under the note and instead relies on the allegations and arguments she previously asserted in her original petition.

A district court looks to the law of the state where the property is located to determine whether a person has a legal right to the forfeited property. *United States v. Morales*, Case No. 6:12-cr-121-Orl-37KRS, 2014 WL 3866082 at *13 (M.D. Fla. July 16, 2014). Florida law presumes that the person whose name appears on a legal title is the property's owner. *Id.*

Petitioner has done nothing to rectify the legal deficiencies of her claim. Merely contributing toward payments on the vehicle is not enough to establish standing to challenge the vehicle's forfeiture. *United States v. Cooper*, 485 F. App'x 411, 414 (11th Cir. 2012). The Court

dismisses Petitioner's claim with prejudice because it fails to meet the requirements set forth in § 853(n)(3) and (n)(6).

B. <u>The Real Property Located at 3512 West Corona Street, Tampa, Florida 33629</u>.

The real property located at 3512 West Corona Street is titled in Defendant Baber's name alone. Petitioner asserts that she made certain payments toward the mortgages on the property. Petitioner attaches the mortgage documents, which list both Petitioner and her husband as borrowers.

However, Petitioner's liability on the mortgages does not vest her with a cognizable *ownership* interest in the real property. Petitioner has presented no argument or evidence that she has an ownership interest in the real property, which is owned and titled in Defendant Barber's name alone. An interest in real property cannot be conveyed other than by deed. § 689.01, Fla. Stat. Contributing to the mortgage payments does not vest an ownership interest in Petitioner. The government is correct that helping pay for a piece of property confers on the payor, at best, the status of an unsecured creditor and thus, the payor has no ownership interest in the property. *See United States v. Numerous Parcels of Real Property*, No. 8:04-cv-150-T-30EAJ, 2006 WL 3248573, *3 (M.D. Fla. Nov. 7, 2006). Nor can unsecured or general creditors be considered bona fide purchasers for value within the meaning of § 853(n)(6)(B). *United States v. Watkins*, 320 F.3d 1279, 1283-84 (11th Cir. 2003). Accordingly, the Court denies Petitioner's claim to adjudicate her interest in the real property.[1]

## **CONCLUSION**

Here, Petitioner has failed to allege a legitimate legal right, title or interest in the 2009 Honda Pilot and in the real property. "A hearing is not required prior to ruling on a motion to

---

[1] The Court has already denied Petitioner's claim to the real property with respect to her homestead argument. (Doc. 191 at 7).

dismiss where the third party fails to allege any legal right, title, or interest in the forfeited property." *Lima*, 2011 LW 5525339 at *2. The Court grants the government's motion to dismiss the Amended Petition and dismisses the Amended Petition ***with prejudice***.

DONE AND ORDERED at Tampa, Florida, this 24th day of November, 2014.

SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record